UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAN RATH,

    Plaintiff,

v.                                                    CASE NO. 8:16-cv-2016-T-23AEP

VERONIKA MARCOSKI,

    Defendant.

_____/

**<u>ORDER</u>**

        Jan Rath petitions (Doc. 14) under the International Child Abduction Remedies Act for the return to the Czech Republic of his minor son, L.N.R., and alleges that L.N.R.'s mother, Veronika Marcoski, wrongfully removed L.N.R. from the child's habitual residence in the Czech Republic.  After a seven-day bench trial, Magistrate Judge Porcelli recommends (Doc. 84) granting Rath's petition.

        In a rambling 183-page compilation of scores of objections (Doc. 98, which identifies, but not once persuasively, 139 purported errors in the Magistrate Judge's report), Marcoski argues that Magistrate Judge Porcelli erred in nearly every fact-finding and nearly every legal conclusion — erred at every turn and at every available opportunity.  An "objection" that attacks every "jot and tittle" of a magistrate judge's report amounts in effect to no objection at all — amounts to no more than a pervasive disagreement with the report's conclusion and resembles a protracted tantrum more than a focused and reasoned objection.

Rath's and Marcoski's "obviously differing representations" about whether they intended that L.N.R. reside in the Czech Republic obligated Magistrate Judge Porcelli to "make credibility assessments." (Doc. 84 at 16)  Most of the purported errors attack the report's credibility determinations and criticize the report for accepting Rath's version of events instead of Marcoski's.  (*See, e.g.*, Doc. 98 at 14 ("Judge Porcelli erred in his assessment of the parties' credibility. [Rath]'s testimony was shifting, contradictory[,] and demonstrably false on key issues . . . . [Marcoski]'s testimony was consistent and truthful."))  But a party establishes no error by force of mere disagreement, despite the virulence of the disagreement, with a magistrate judge's conclusion that is supported in the evidence (*See* Doc. 84 at 4–29, which identifies at length the facts that support the report's conclusion).

A de novo review of the record reveals that the evidence supports the conclusion that Marcoski wrongfully removed L.N.R. from the Czech Republic. Marcoski's objection (Doc. 98) is **OVERRULED**, and the report and recommendation (Doc. 84) is **ADOPTED**.

## CONCLUSION

Rath's petition (Doc. 14) to return L.N.R. to the Czech Republic is **GRANTED**.  No later than **DECEMBER 19, 2016**, L.N.R. must be returned to the Czech Republic, and Rath must arrange for L.N.R.'s return.  **Marcoski must not interfere with L.N.R.'s return to the Czech Republic and must not remove L.N.R. from the Middle District of Florida**.

The clerk is directed (1) to enter judgment in the International Child Abduction Remedies Act action for Jan Rath and against Veronika Marcoski, (2) to return to Jan Rath his passport if held by the clerk, (3) to terminate any pending motion, and (4) to close the case.

## STAY

The judgment ordered in the preceding paragraph is **STAYED** until noon on December 7, 2016, to permit Marcoski to move in the district court for a stay pending appeal to the United States Court of Appeals for the Eleventh Circuit.  If Marcoski moves for a stay, the stay will extend until disposition of the motion.

ORDERED in Tampa, Florida, on December 5, 2016.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE