UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JAN RATH,

        Petitioner,

v.                                  Case No. 8:16-cv-2016-T-23AEP

VERONIKA MARCOSKI

        Respondent.

_____/


## <u>REPORT AND RECOMMENDATION</u>

The cause comes before the Court on Petitioner's Motion for Attorney's Fees and Costs ("Motion") (Doc. 124), Respondent's response in opposition thereto (Doc. 127), Petitioner's Supplemental Motion for Attorney's Fees and Costs ("Supplemental Motion") (Doc. 135), Respondent's response in opposition thereto (Doc. 136), Respondent's Motion to Strike Documents Filed by Petitioner as D.E. 137 (Doc. 138), and Petitioner's response in opposition thereto (Doc. 139). Petitioner seeks an award of $104,674.00 in attorney's fees; $10,005.96 in taxable costs; and $32,600.02 in non-taxable costs. Petitioner also seeks an additional award of $2,297.50 in attorney's fees and $2,351.89 in non-taxable costs in connection with the return of L.N.R. Petitioner argues that the requested fees are reasonable and the requested costs were necessary. For the reasons that follow, it is recommended that Petitioner's Motion be granted in part and Petitioner's Supplemental Motion be granted in part.

## I. BACKGROUND

This matter arises from a claim alleging that Respondent wrongfully removed her and

Petitioner's then eleven-month-old son, L.N.R., from the Czech Republic to the United States. Petitioner initiated this action seeking the return of L.N.R. to the Czech Republic pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), which is embodied in the International Child Abduction Remedies Act ("ICARA"). 22 U.S.C. §§ 9001- 9011 (formerly cited as 42 U.S.C. §§ 11601-11610) (Doc. 14). After a seven-day evidentiary hearing, in which Petitioner and Respondent disputed the existence of a shared and settled intent for L.N.R. to reside in the Czech Republic, the Court found that L.N.R.'s habitual place of residence was the Czech Republic and granted the Petitioner's request to return L.N.R to the Czech Republic (Docs. 84, 110). The Clerk entered judgment in the matter on December 13, 2016 (Doc. 119). The next day, Respondent filed her Notice of Appeal (Doc. 120), with the appeal still pending as of the issuance of this Report and Recommendation.

Following initiation of Respondent's appeal, Petitioner moved for an award of attorney's fees and both taxable and non-taxable costs against Respondent, pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 4.18 (Doc. 124). By the Motion, Petitioner requests $104,674.00 in attorney's fees. Petitioner claims these fees were reasonably expended, directly related, and necessary in the prosecution of this matter. Additionally, in accordance with Rule 54(d)(1), 28 U.S.C. § 1920, and Local Rule 4.18, Petitioner seeks to recover $10,005.96 in taxable costs. Further, pursuant to 22 U.S.C. § 9007(b)(3), Petitioner seeks $32,600.02 in non-taxable costs from Respondent. By his Supplemental Motion, Petitioner seeks an additional $2,297.50 in attorney's fees and $2,351.89 in non-taxable costs in connection with the return of L.N.R. (Doc. 135). Respondent argues that the award of attorney's fees is clearly inappropriate and the requested amount of fees and costs are unreasonable.

## II. ANALYSIS

Petitioner asks the Court to award a total of $106,971.50 in attorneys' fees, which includes the additional $2,297.50 in fees requested in the Supplemental Motion (Docs. 124, 135). To support the amount of attorneys' fees requested, Petitioner provided billing records of the two attorneys and one paralegal showing a combined total of 384.21 hours expended, which consists of 364.31 hours of attorney services and 19.9 hours of paralegal services (Doc. 124-1). Additionally, Petitioner filed his proposed Bill of Costs seeking $10,005.96 in taxable costs (Doc. 124-4). Petitioner also provided documentary support for his request for non-taxable costs in the amount of $34,951.91 (Doc. 124-5, 135-1).

In response, Respondent argues that Petitioner's request for attorneys' fees is clearly inappropriate. Alternatively, Respondent argues that Petitioner's fees should be reduced substantially because neither the hourly rates nor the number of hours is reasonable (Doc. 127). Specifically, Respondent objects to the hours billed, contending that the time entries are vague and redundant and that the records improperly contain block billing and irrelevant, non-recoverable entries, such as deposition-related work and visitation and time-sharing. Respondent also contends that the taxable costs, such as the fees for the court reporter, online research, and parking, are not taxable expenses because such fees were not necessarily expended for the case and are therefore not recoverable. Further, Respondent argues that Petitioner failed to meet his burden in demonstrating that certain non-taxable costs were necessary to the case and to obtain the child, so those costs are also not recoverable.

After consideration, and for the reasons set forth below, the undersigned recommends that Petitioner's Motion be granted in part and Petitioner's Supplemental Motion be granted in part. Namely, the undersigned recommends that Petitioner be awarded the following fees and

costs: $88,122.50 in attorneys' fees; $2,048.75 in taxable costs; and $18,849.37 in non-taxable costs, for a total award of $109,020.62.

### A. Entitlement to Attorneys' Fees

In the American legal system, each party generally must pay its own attorneys' fees and expenses. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). However, to advance a variety of public policy goals, Congress and the states have enacted hundreds of laws that shift attorney's fees to an opposing party.[1] ICARA allows for the shifting. *See West v. Dobrev*, 735 F.3d 921, 932 (10th Cir. 2013) (characterizing ICARA as a discretionary fee-shifting statute). Under ICARA, "the prevailing petitioner is presumptively entitled to necessary costs" unless respondent can show that such costs are "clearly inappropriate." *Salazar v. Maimon,* 750 F.3d 514, 520 (5th Cir. 2014). Whether an award is clearly inappropriate is determined under "equitable principles." *Ozaltin v. Ozaltin*, 708 F.3d 355, 377 (2nd Cir. 2013). The purposes of awarding costs and fees under ICARA are "to restore petitioner to the financial position he [or she] would have been in prior to removal of the child and to deter the unlawful removal." *Hamprecht v. Hamprecht*, No. 2:12-cv-125-FTM-29, 2013 WL 1155675, at *1 (M.D. Fla. Mar. 14, 2013).

Respondent contends that an award of attorney's fees to Petitioner is clearly inappropriate because she removed the child in good faith. Indeed, where a court orders the return of a child, ICARA provides for an exception to awarding fees and costs to a petitioner if a respondent demonstrates that such an award would be clearly inappropriate. Specifically, 22 U.S.C. § 9007 provides:

> Any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses

---

[1] For a partial list of federal statutes that shift fees, see *Kenny A. v. Perdue*, 547 F.3d 1319, 1337 (11th Cir. 2008) (Carnes, J., dissenting from denial of rehearing en banc).

incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be *clearly inappropriate*.

§ 9007(b)(3) (emphasis added).

To buttress her argument, Respondent relies upon several cases, however, these cases are inapposite. In *Ozaltin v. Ozaltin*, the Second Circuit acknowledged that a "reasonable basis for thinking at the time of removing the children to the United States . . . that [respondent's] actions were consistent with [the law of the country of habitual residence]," should be considered as a "relevant equitable factor" when determining "whether a costs award is appropriate." 708 F.3d 355, 375 (2d Cir. 2013) (citation omitted). Similarly, in *Mendoza v. Silva*, a district court found that it was clearly inappropriate to award costs where respondent had a good faith belief in his actions and petitioner contributed to that belief. 987 F. Supp. 2d 910, 916-17 (N.D. Iowa 2014). Specifically in *Mendoza*, the district court found that respondent's belief, albeit mistaken, that the parties had agreed to respondent taking the children to the United States for schooling, was a good basis to deny the award of fees and costs. *See Id.* at 916–17.[2] Unlike these cases, Respondent provides no support for a finding that she possessed a good-faith basis for removal of L.N.R. to the United States. Given the findings in this Court's prior Report and Recommendation granting the Petition to return L.N.R. to the Czech Republic (Doc. 84), the undersigned is satisfied that Respondent did not act in good faith in removing the child to the United States, and finds no basis in equity to deny a fee

---

[2] Additionally, Respondent cites to *Souratgar v. Lee Jen Fair*, 818 F.3d 72, 78-80 (2d Cir. 2016). In this case, the Second Circuit reversed the district court's award of fees to the petitioner, finding that fees were clearly inappropriate because, in part, the respondent suffered from domestic abuse at the hands of the petitioner and her removal of the child was related to such violence. *Id.* Here, Respondent does not allege domestic abuse as the direct reason for the removal of L.N.R. Therefore, *Sougatar's* narrow holding is inapplicable to this case.

award here. Accordingly, the undersigned recommends that an award of attorneys' fees be granted in favor of Petitioner.

### B. Attorneys' Fees

Having determined Petitioner's entitlement to attorneys' fees, the inquiry turns to the reasonableness of the attorneys' fees requested. For the most part, case law construing what is a "reasonable fee" applies uniformly to all federal shifting statutes. *Murphy v. Reliance*, 247 F.3d. 1313 (11th Cir. 2001). To determine the amount of a reasonable attorney's fee under ICARA, courts utilize the "lodestar" method. *Porter v. Gonzalez*, No. 8:09-CV-753-T-17TGW, 2009 WL 3417862, at *2 (M.D. Fla. Oct. 20, 2009); *Chafin v. Chafin*, No. CV-11-J-1461-NE, 2012 WL 12893523, at *3 (N.D. Ala. Mar. 7, 2012). Therefore, to calculate a reasonable award of attorney's fees, a court should multiply the reasonable hourly rate by the reasonable hours expended in a task. *Hensley*, 461 U.S. at 433–34; *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

A "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citations omitted). Services of paralegals and law clerks are also compensable at market rates. *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas Cnty.*, 278 F. Supp. 2d 1301, 1310 (M.D. Fla. 2003). In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. At a minimum, satisfactory

evidence consists of more than the affidavit of the attorney performing the work; instead, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.*

After determining the reasonable hourly rate, courts must then determine the number of hours reasonably expended on the litigation. In submitting a fee petition, counsel must exercise proper billing judgment and thus exclude any hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *Norman,* 836 F.2d at 1301. Under ICARA, "necessary expenses" encompass expenditures required "to secure the child's return." *Aldinger v. Segler*, 157 Fed. Appx. 317, 318 (1st Cir. 2005) (unpublished) (internal citations omitted). Finally, if a court determines that the number of hours is unreasonably high, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Hensley*, 461 U.S. at 436–37.

### 1. Hourly Rates

In this instance, Respondent contends that neither the hourly rates requested nor the number of hours expended is reasonable. Petitioner requests hourly rates as follows: $325.00 for Attorney, Kelli Hanley Crabb ("Crabb"); $250.00 for Attorney, Joseph P. Kenny ("Kenny"); and $85.00 for Paralegal, Kelly Sheehan ("Sheehan"). In support of his fee request, Petitioner submitted the Affidavit of Attorney James E. Felman ("Felman") (Doc 124, Ex. C). Felman asserts that both the number of hours expended and the hourly rates requested are justified based upon the skill required, the prevailing market rate in the Tampa community, the attorneys' expertise, and the complexity of the case. In fact, Felman considers the hourly rates to be below typical market value in the Tampa community. Felman also took into account the attorneys' biographies, levels of experience, and reputations in the community. Considering these factors,

Felman concluded that the total amount of attorney's fees incurred by Petitioner was reasonable and necessary for the work performed in representation of the client in this matter and were comparable to, if not below, the rates charged in the community by lawyers of reasonable comparable skill, experience, and reputation for similar services.

As noted above, the reasonable hourly rate consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. Here, the case was filed in the Tampa Division of the Middle District of Florida, therefore, the relevant market, in this case, is Tampa. *Barnes,* 168 F.3d at 437 (internal citation omitted) (finding that the "relevant marker is defined as the place where the case is filed."). Crabb is a partner at Weber, Crabb & Wein, P.A ("WCW"), and served as lead counsel in this case on behalf the Petitioner (Doc. 124, p. 4). Crabb has been licensed to practice law in the State of South Dakota since 1981 and the State of Florida since 1984. *Id.* Kenny is an associate with WCW and has been a licensed to practice law in the State of Florida since 2008. *Id.* Sheehan has worked as a paralegal since 1997 and in Florida since 2006. *Id.* Based upon the complexity and knowledge required for a case brought under ICARA, the prevailing market rates in the Tampa community, and the opinion of Felman (Doc. 124-3) as to the reasonableness of the rates requested, the undersigned finds that the hourly rates of $325.00 for Crabb, $250.00 for Kenny, and $85.00 for Sheehan are reasonable.

## 2. Number of Hours Reasonably Expended

Petitioner seeks compensation for 382.9 billable hours submitted by his counsel, Weber, Crabb & Wein, P.A, for work performed by both attorneys and paralegals. Petitioner seeks 158.8 hours for Attorney, Crabb; 204.2 hours for Attorney, Kenny; and 19.9 hours for Paralegal, Sheehan (Docs. 124, Ex. C; 137, Ex. A). In support, Petitioner provided a billing statement and

affidavits, including Felman's affidavit (Doc. 124, Ex. A–E).  Petitioner contends that counsel reasonably expended these hours in the prosecution of this case.  Respondent, on the other hand, objects to 277 of the hours billed[3] on the basis that the entries are vague, contain block billing, and are irrelevant or non-recoverable (Docs. 127, 137).[4]

### a. Vague Entries and Block Billing

The fee applicant bears the burden of providing the court with documentation of the appropriate hours and hourly rates.  *Norman*, 836 F.2d at 1303.  The evidence provided to the court must be "specific and detailed" to enable the court to determine reasonability.  *Id.* Although an attorney's time may be well documented, the review can be hindered if the entries are combined in such a way that sorting out the attorney's tasks becomes difficult. "When attorneys include multiple tasks in a single time entry, courts cannot determine the amount of time spent on particular tasks. While attorneys cannot be expected to account for every second of their time, they should be expected to explain in discrete entries the nature of the work that they want a client or opposing party to pay them hundreds of dollars to perform." *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1377–78 (M.D. Fla. May. 14, 2010).  Vague entries, in essence, demonstrate the moving party's failure to meet its burden to produce "specific and detailed evidence." *Id.*  (citing *Norman*, 836 F.2d at 1303).  If a time entry is excessively vague, the court may reduce an award or eliminate it.  *Kearney*, 713 F. Supp. 2d at 1379.

Here, Respondent contends that several entries that Petitioner seeks compensation for are vague.  For example, Crabb billed for time spent to "read and respond to email" on July 1, 2016; July 15, 2016; and July 21, 2016 and for a "telephone conference" on August 3, 2016;

---

[3] Respondent challenges 131.8 hours for Crabb, 128.2 hours for Kenny, and 17.0 hours for Sheehan (Docs. 124-3, 136-1).

[4] As part of its review, the undersigned considered Petitioner's Declaration of Jan Rath in Support of Petitioner's Motion for Costs (Doc. 137).  Respondent moved to strike the declaration, but, given the undersigned's review of the declaration in consideration of the Motion and Supplemental Motion, the undersigned recommends denying Respondent's Motion to Strike Documents Filed by Petitioner as D.E. 137 (Doc. 138).

August 24, 2016; and November 3, 2016 (Doc. 127-5), etc. Respondent also objects to numerous entries for block billing (Doc. 127-5). For example, Kenny billed 2.5 hours to "review client documents and emails; research case law hearing" (Doc. 124, Ex. A; Doc. 127-5). Additionally, Crabb billed 2.2 hours on August 3, 2016, for the following: "Drafting of Motion; Instruct; Read and respond to Email regarding deposition; Telephone Conference; Drafting of letter to counsel regarding visit" (Doc. 124, Ex. A; Doc. 127-5). As argued by Respondent, several of the entries for Crabb and Kenny are vague. The entries lack an explanation as to what the interaction is in regards to and who was involved in the interaction. Moreover, several entries are redacted in a way that makes it impossible to determine the purpose of the entries and are duplicative. Because the Court is unable to determine the time devoted to compensable tasks and, ultimately, whether a reasonable amount of time was spent on the tasks, it is recommended that Petitioner's 382.9 billable hours be reduced by a total of 28.40 hours, in accordance with the Court's Accounting Chart #1 attached to this Report and Recommendation.

   **b. Unnecessary or Irrelevant Billing Entries**

   Respondent also objects to hours billed for visitation and time-sharing arguing these fees are not recoverable because they were not necessary to the return of the child. ICARA provides broad discretion to the courts to determine what fees and cost should be award under the Hague Convention. *See Whallon v. Lynn*, 356 F.3d 138, 140 (1st Cir. 2004) (interpreting ICARA as "giving the district court broad discretion in its effort to comply with the Hague Convention consistently with our own laws and standards."). In interpreting ICARA's Section 9007, the courts seem divided as to whether to award fees and costs related to visitation and time-sharing proceedings. *See Saldivar v. Rodela*, 894 F. Supp. 2d 916, 937 (W.D. Tex. 2012) (reducing attorney's fees for hours spend on litigation of visitation rights); *but see Sewald v. Reisinger*, 8:08-CV-2313-T-27TBM, 2015 WL 6964290, at *3 (M.D. Fla. Nov. 10, 2015)

(granting attorneys' fees for visitation disputes at a reduced rate). The reason for this division seems to be the interpretation that the courts give to the term "necessary" and "related to the return of the child" under Section 9007. *See, e.g., Sewald v. Reisinger*, No. 8:08-CV-2313-T-27TBM, 2015 WL 6964290, at *3 (M.D. Fla. Nov. 10, 2015) (stating that "[t]he statute provides for reimbursement of costs related to the return of the child") (citing 22 U.S.C. § 9007(b)(3)); *Toufighjou v. Tritschler*, No. 8:16-CV-1709-T-33JSS, 2016 WL 6122465, at *2 (M.D. Fla. Sept. 30, 2016), *report and recommendation adopted*, No. 8:16-CV-1709-T-33JSS, 2016 WL 6084097 (M.D. Fla. Oct. 18, 2016) (granting different fees and cost submitted by petitioner because they were necessarily expended during this action and related to the return of the child). Specifically, courts are reluctant to award fees for disputes between the parties to an ICARA case that are tangential to the return of the child. These disputes may include divorce and custody proceedings. *See Lamiri v. Audette*, No. 6:15-cv-1810-Orl-28TBS, 2016 WL 452317, at *5 (M.D. Fla. Feb. 5, 2016) (denying attorney's fees related to an action for dissolution of marriage between the parties because these fees were unrelated to the return of the child); *Hamprecht,* 2013 WL 1155675, at *4 (denying attorney's fees related to divorce of the parties and unrelated to the return of the child). However, this is not the case here. First, if not for Respondent's removal of L.N.R. from the Czech Republic, timeshare and visitation disputes would not be an issue in this case. Second and more importantly, ICARA provides the courts with the power to settle disputes related to the "right of access" to a child during the Hague proceedings. 22 U.S.C. §§ 9003(b), 9002(7) (defining "right of access" as "visitation rights"). Additionally, ICARA's Section 9007 provides for the award of "necessary" costs and fees related to "an action brought under section 9003," including an action seeking to organize or secure "the effective exercise of rights of access to a child." § 9007(b)(3), § 9003(b). Therefore, it is recommended that hours related to

time-sharing and visitation disputes arising out of the Hague Proceeding, and which amount to 8.90 billed hours, be granted.[5]

Second, Respondent argues that hours expended during depositions are not recoverable. In support of her position, Respondent cites to *Hamprecht v. Hamprecht*, in which the court found that deposition costs incurred to "'aid in thorough preparation, or for purposes of investigation are not recoverable.'" 2013 WL 1155675, at *7 (citing *U.S. E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)). Respondent contends that Petitioner did not use any of the deposition testimony at trial and that he made no showing that these depositions were in any way "necessary" to obtain the return of L.N.R. Petitioner provided no case law to the contrary. Finding no showing of the necessity of these depositions and no record of their use at the evidentiary hearing, it is recommended that 25.50 billed hours for depositions be eliminated.[6]

Third, Respondent contends that fees related to travel are not recoverable. Here, the court finds that travel to and from the courthouse was a necessary use of attorney time and therefore directly relates to the case and contributed to the obtainment of the child. *Toufighjou*, 2016 WL 6122465, at *2 (finding that plaintiff's attorney transportation costs related to his attendance to the evidentiary hearing were necessary expenses under ICARA). As such, it is recommended that Petitioner be compensated for these fees.

Finally, the undersigned recommends that an additional $2,297.50 in attorney's fees requested in Petitioner Supplemental Motion be denied. In his supplemental motion, Petitioner request the reimbursement of post-judgment attorneys' fees accrued from January 18, 2017 to

---

[5] Petitioner requested a total of 11.20 hours related to visitation and time sharing issues. However, some of these hours have been reduced as a result of block billing or vague entries. See Court's accounting chart #2 for further details.

[6] See Court's Accounting Chart #2, for further details.

January 20, 2017. Petitioner states that his counsel incurred additional time in connection with the efforts to coordinate the exchange of L.N.R and his return to the Czech Republic. Petitioner seeks 4.3 hours for Attorney, Crabb; and 3.6 hours for Attorney, Kenny. To support this claim, Petitioner produced Kenny's affidavit and billing statements (Doc. 135, Ex. A, B). Despite this evidence, the Court is unable to determine what tasks the attorneys undertook to procure the return of L.N.R. The billing entries are highly redacted and vague, and the affidavit does not provide further clarification for the Court to make an informed decision. Based on the foregoing, the undersigned recommends that an additional $2,297.50 in attorney's fees not be granted.

For the reasons discussed above, the undersigned concludes that 326.6 hours were reasonably expended on the case, and recommends that Petitioner be awarded attorneys' fees in the amount of $88,122.50, as follow:

| ATTORNEYS' HOURLY RATE | HOURS REQUESTED | REDUCTION | HOURS ALLOWED | REASONABLE FEES |
|---|---|---|---|---|
| Crabb ($325.00 x hour). | 158.8 | 29.6 | 129.2 | $41,990.00. |
| Kenny ($250.00 x hour). | 204.2 | 26.3 | 177.9 | $44,475.00. |
| Sheenan ($85.00 x hour) | 19.9 | 0.4 | 19.5 | $1,657.50. |
| **TOTAL** | 382.9 | 56.3 | 326.6 | $88,122.50. |

## C. Taxable Costs

As the prevailing party, Petitioner also seeks to recover, and is entitled to recover, an award of costs under Rule 54(d) and 28 U.S.C. § 1920. Rule 54 provides, in pertinent part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Pursuant to 28 U.S.C. § 1920, the following costs may, therefore, be taxed:

(1) Fees of the clerk or marshal;

(2) Fees of the printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In this instance, the Court entered judgment in favor of Petitioner, and he claims he is entitled to $10,005.96 in taxable costs, including costs for the clerk filing fee, service of process fees, copies, transcripts, and interpreters (Doc. 124, Ex. D). Petitioner also seeks compensation for other costs such as a court reporter appearance fee, online research, and parking expenses for trial. Respondent contests several of these purported taxable costs, including fees for the court reporter, online research, copies, parking, and interpreter services.

Both the filing fee and service of process fees requested by Petitioner in this action constitute taxable costs pursuant to 28 U.S.C. § 1920, and therefore, should be awarded to Petitioner. 28 U.S.C. § 1920(1) (permitting taxation of the fees of the clerk and marshal as costs); *see W & O, Inc.*, 213 F.3d at 624 (holding that private process server fees may be taxed pursuant to 28 U.S.C. § 1920(1) so long as such fees do not exceed the statutory fees authorized in 28 U.S.C. § 1921); *Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, No. 8:11cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012) (finding that "[f]ees of the clerk and marshal include filing fees and are clearly taxable"). Fees for printed or electronically recorded transcripts, as well as copies, also constitute taxable costs pursuant to 28 U.S.C. § 1920 and should be awarded when they are used in the case. *See* 28 U.S.C. § 1920(2) & (4) (permitting taxation of printed or electronic transcripts obtained for use in the case and fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case).

As to the fees associated with the deposition transcripts, 28 U.S.C. § 1920(2) authorizes taxation of such costs. *W & O, Inc*., 213 F.3d at 620. However, the determination of whether the costs for a deposition are taxable turns on the question of "whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" *Id*. at 621 (internal citations omitted). Additionally, "[w]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Id*. Here, Petitioner seeks $3,772.30 for deposition transcripts and seeks $1,015.00 for an appearance fee paid to a stenographer for the depositions. Given that the depositions were not used in the evidentiary hearing or support another dispositive motion, the costs for the deposition transcripts and stenographer are not recoverable and thus should not be awarded.

In addition, Petitioner seeks $2,346.68 for interpreter services "for depositions and trial" (Docs. 124, Exs. A, D). Petitioner claims he is entitled to an award of interpreter services pursuant to 28 U.S.C. § 1828. While the Court agrees with Petitioner's premise that interpreter services are recoverable under the statute, here, Petitioner did not include any documentation showing a breakdown of the costs or what amount was paid. Since Petitioner failed to identify the costs associated with the interpreter services with any degree of specificity and failed to provide supporting documentation, the undersigned cannot determine if the services constituted necessary expenses. Accordingly, it is recommended that interpreter services not be awarded to Petitioner.

Petitioner also seeks an additional $698.45 for online research and $124.78 for parking expenses as taxable costs. Respondent argues that charges for computer-assisted legal research, like costs for manual legal research, are incidental to an attorney's services and are not taxable costs. Indeed, the Eleventh Circuit has held that "costs for computerized legal research and parking are not recoverable." *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996).

*See also Gary Brown & Associates, Inc. v. Ashdon, Inc.*, 268 F. App'x. 837, 845–46 (11th Cir. 2008) (unpublished) (affirming a district court's decision denying the award of Lexis-Nexis research). Respondent also contends that it is rare for a law firm to have a research subscription that does not provide unlimited access for a flat fee. The undersigned agrees and recommends that costs for counsel's online research not be awarded in this case. Respondent also contends that courthouse parking expenses are not recoverable. *See Duckworth*, 97 F.3d at 1399. The undersigned agrees that courthouse parking is not a necessary expense and thus not taxable, so should not be awarded to Petitioner. Accordingly, it is recommended that Petitioner be awarded taxable costs in the amount $2,048.75.[7]

### D. Non-Taxable Costs

Finally, Petitioner claims a total of $34,951.91 in non-taxable costs, which include expenses for a private investigator, supervised visitation, flights, and online service charges all of which he claims are reasonable, necessary, and directly related to the prosecution of his case (Doc. 124, Ex. E). As stated by the Petitioner, "necessary expenses" under ICARA can be broader than "taxable costs" under section 1920. *See Fridlund v. Spychaj-Fridlund*, CIV.A. 5:09-273-JMH, 2009 WL 4168192, at *2 (E.D. Ky. Nov. 23, 2009) (noting that "courts have allowed for reimbursement for various types of expenses incurred by petitioners in ICARA cases including costs of telephone calls, facsimile transmissions, witness fees, certified mail and postage, service fees, copying, and filing fees."). Petitioner requests that costs in the amount $2,351.89 incurred for travel related to the return of L.N.R. to the Czech Republic be awarded (Doc. 135, Ex. B). Respondent argues that several of the requested non-taxable costs

---

[7] The taxable costs include $319.30 for the filing fee; $105.00 for the service of process fees; and $1,624.45 for copying fees.

should not be awarded because they are not necessary expenses in order to obtain L.N.R. or facilitate his return to the Czech Republic.

First, Petitioner seeks costs for flights purchased in relation to the case. He seeks compensation in the amount of $11,312.00, including airfare for Sean Miller ("Miller"), a translator, and Jitka Rathova ("Rathova"), a witness. Respondent argues that several of these flights were not necessary to this case and were purchased well beyond the conclusion of the evidentiary hearing. As the record indicates, the evidentiary hearing ended on August 31, 2016. Three flights for which Petitioner seeks an award of costs occurred after the hearing concluded (Doc. 124, Ex. E). Nothing in the record indicates that these flights were purchased in relation to the return of L.N.R. to the Czech Republic. Therefore, the flights purchased in October 2016, November 2016, and December 2016 should be deducted from an award of non-taxable costs. Respondent also contends that the flights purchased for Miller and Rathova are not recoverable, as they were not directly necessary to obtain L.N.R. The undersigned disagrees and recommends that Petitioner be awarded costs for these flights because Miller provided translation services to Petitioner and Rathova testified on behalf of Petitioner. The costs of their flights therefore related to obtaining the child and should be recoverable. Accordingly, the undersigned recommends Petitioner be awarded $8,535.00 in costs for airfare.

Next, Respondent argues that certain hotel, parking, and transportation-related costs should not be recoverable since such costs were not directly related to obtaining L.N.R return, nor were chronologically related to the litigation. Specifically, Respondent argues that expenses related to Petitioner's trips, taking place in October 2016, November 2016, and December 2016, not be awarded. Petitioner request $874.09 for his October trip; $1,323.63 for his November trip; and $2,115.17 for his December trip. These amounts include hotel stays in Orlando, Copenhagen, and Miami, and associated transportation, parking, tolls, and gas cost

(Doc. 124, Ex. E, p. 2). The undersigned agrees with Respondent and recommends that the amount of $4,312.89 in total costs for these dates, not be awarded to Petitioner because they are not directly related to the Hague proceedings. However, the travel costs incurred in January 2017 by Petitioner, in the amount of $2,351.89, should be awarded since those costs directly relate to the return of L.N.R. to the Czech Republic (*see* Doc. 135).[8] Accordingly, the undersigned recommends that Petitioner receive an award of costs in the amount of $13,999.08 for travel expenses, including the $8,535.00 for flights.

The undersigned further finds that Petitioner provided sufficient documentation regarding translation services, which were used at trial, and therefore recommends that Petitioner be awarded $4,338.42 in costs for those services. Petitioner should not be awarded $2,880.65 in additional interpreter services, however, because he failed to provide any records discussing the use of these services in the case.[9] *See Wasniewski v. Grzelak-Johannsen*, 549 F. Supp. 2d 965, 980 (N.D. Ohio 2008) (denying non-taxable expenses claimed by petitioner as "necessary expenses" for lack of supporting documentation and clarity). Without supporting documentation for the costs, such as invoices or receipts for interpretation service expenses, Petitioner's request is deficient, and the undersigned is unable to determine what would constitute an appropriate award of costs. Thus, it is recommended that the costs for translation services in the amount of $2,880.65 not be awarded as non-taxable costs.

Petitioner also seeks $426.63 for wire and online service charges and $5,158.74 in expenses for a private investigator. Respondent argues that the costs for online and wire service charges were incurred after the trial in this matter ended and that Petitioner failed to establish how those expenses were necessary. As Respondent contends, Petitioner does not provide

---

[8] These non-taxable costs are requested in Petitioner's Supplemental Motion.
[9] Petitioner is seeking interpreter services as both taxable and non-taxable costs.

sufficient documentation detailing the necessity of a private investigator for this case and provides no case law to support his contention that this is a necessary expense. Petitioner failed to meet his burden of demonstrating how these various costs were incurred and necessary to the case. Accordingly, it is recommended that costs associated with the wire and online service charges and the private investigator not be awarded.

Finally, Petitioner seeks compensation for costs incurred for supervised visitation in the amount of $511.87. As previously discussed, expenses and costs related to the "right of access" to the child during a Hague Convention proceeding are recoverable under ICARA. Therefore, the costs associated with supervised visitation should be awarded to Petitioner.

In sum, Petitioner request a total of $34,951.91 in non-taxable costs, however, the undersigned recommends that Petitioner be awarded $13,999.08 for travel expenses, $4,338.42 for translation services, and $511.87 for supervised visitations only, for a total award of non-taxable costs of $18,849.37.

## IV.

Accordingly, after consideration, it is hereby

RECOMMENDED:

1.  Petitioner's Motion for an Award of Attorney's Fees and Costs (Doc. 124) be GRANTED IN PART and Petitioner's Supplemental Motion (Doc. 135) be GRANTED IN PART, as follows:

        a.  Petitioner is awarded attorney's fees in the amount of $88,122.50.

        b.  Petitioner is awarded taxable costs in the amount of $2,048.75.

        c.  Petitioner is awarded non-taxable costs in the amount of $18,849.37.

2.  Respondent's Motion to Strike Documents Filed by Petitioner as D.E. 137 (Doc. 138) be DENIED.

IT IS SO REPORTED in Tampa, Florida, on this 3th day of November, 2017.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

cc:    Hon. Steven D. Merryday
       Counsel of Record

# Court's Accounting Chart #1 - 8:16-cv-02016-T-24AEP

| # | Date | Billing Entry Description | Time-keeper | Hourly Rate Claimed | Hours Claimed | Fees Claimed | Court's Permitted Hourly Rate | Court's Permitted Hours | Court's Permitted Fees | Reason for Reduction in Hours | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 5/24/2016 | Review documents forwarded from client | KHC | $325.00 | 0.20 | $65.00 | $325.00 | 0.00 | $0.00 | vague | $65.00 |
| 2 | 6/13/2016 | Review emails and documents form client | KHC | $325.00 | 1.00 | $325.00 | $325.00 | 0.00 | $0.00 | Vague | $325.00 |
| 3 | 6/28/2016 | Review file and documents; email client, research | KHC | $325.00 | 0.70 | $225.00 | $325.00 | 0.00 | $0.00 | Vague, blockbilling | $225.00 |
| 4 | 7/1/2016 | Read and respond to email | KHC | $325.00 | 0.10 | $32.50 | $325.00 | 0.00 | $0.00 | Vague | $32.50 |
| 5 | 7/7/2016 | Email to client | KHC | $352.00 | 0.10 | $30.00 | $325.00 | 0.00 | $0.00 | Vague | $30.00 |
| 6 | 7/11/2016 | Telephone conference with counsel; read and respond to email with client | KHC | $325.00 | 0.40 | $130.00 | $325.00 | 0.00 | $0.00 | Vague | $130.00 |
| 7 | 7/15/2016 | Telephone conference with Belinda Lazzara; read and respond to emails; telephone conference with client | KHC | $325.00 | 0.40 | $130.00 | $325.00 | 0.00 | $0.00 | Vague, blockbilling | $130.00 |
| 8 | 7/15/2016 | Discussion with KHC; conference with KHC and client; review email correspondence from client and KHC; review file | JPK | $250.00 | 0.60 | $150.00 | $250.00 | 0.00 | $0.00 | Vague, blockbilling | $150.00 |
| 8 | 7/15/2016 | Conference with Joseph Kennedy; research; drafting of documents | KHC | $325.00 | 0.60 | $150.00 | $325.00 | 0.00 | $0.00 | Vague, blockbilling | $150.00 |
| 9 | 7/15/2016 | telephone conference with counsel | KHC | $325.00 | 0.30 | $97.50 | $325.00 | 0.00 | $0.00 | Vague | $97.50 |
| 10 | 7/20/2016 | Prepare for emergency hearing | KHC | $325.00 | 1.00 | $325.00 | $325.00 | 0.00 | $0.00 | Vague, duplicative | $325.00 |
| 11 | 7/21/2016 | Conference with client | KHC | $325.00 | 2.00 | $500.00 | $325.00 | 0.00 | $0.00 | Vague | $500.00 |
| 12 | 7/21/2016 | Read and respond to email | KHC | $325.00 | 0.50 | $162.00 | $325.00 | 0.00 | $0.00 | Vague | $162.00 |
| 13 | 7/25/2016 | KHC drafting letter to counsel | KHC | $325.00 | 0.20 | $65.00 | $325.00 | 0.00 | $0.00 | Vague | $65.00 |
| 14 | 7/25/2016 | Read and respond to emails | KHC | $325.00 | 0.40 | $130.00 | $325.00 | 0.00 | $0.00 | Vague | $130.00 |
| 15 | 7/25/2016 | Telephone conference with counsel; read and respond to emails | KHC | $325.00 | 0.30 | $97.50 | $325.00 | 0.00 | $0.00 | Vague | $97.50 |
| 16 | 7/27/2016 | Drafting letter to counsel | KHC | $325.00 | 0.20 | $65.00 | $325.00 | 0.00 | $0.00 | vague | $65.00 |
| 17 | 7/28/2016 | Review letter | KHC | $325.00 | 0.20 | $65.00 | $325.00 | 0.00 | $0.00 | Vague | $65.00 |
| 18 | 8/1/2016 | Review discovery; read and respond to email | KHC | $325.00 | 0.50 | $162.50 | $325.00 | 0.00 | $0.00 | Vague | $162.50 |
| 19 | 8/5/2016 | Review documents | KHC | $325.00 | 0.50 | $162.50 | $325.00 | 0.00 | $0.00 | Vague | $162.50 |
| 20 | 8/8/2016 | JPK Review documents produced by opposing counsel; review correspondence from Meros re deposition scheduling; discussion with KHC re deposition scheduling; cc with Meros office; telephone call from client | JPK | $250.00 | 2.00 | $500.00 | $250.00 | 0.00 | $0.00 | Vague, blockbilling | $500.00 |
| 21 | 8/9/2016 | JPK email correspondence to/from opposing counsel; telephone calls with client; telephone call with Saltzman; review motion to disqualify; discussion with KHC; research re response to motion to disqualify; email correspondence to/from Magdalena Simkova; telephone call with Magdalena Simkova | JPK | $250.00 | 3.40 | $850.00 | $250.00 | 0.00 | $0.00 | Vague, blockbilling | $850.00 |
| 22 | 8/9/2016 | Review Motion to Disqualify; discussion with Joseph Kenny; research | KHC | $325.00 | 1.20 | $390.00 | $325.00 | 0.00 | $0.00 | Vague, blockbilling | $390.00 |

1

| # | Date | Billing Entry Description | Time-keeper | Hourly Rate Claimed | Hours Claimed | Fees Claimed | Court's Permitted Hourly Rate | Court's Permitted Hours | Court's Permitted Fees | Reason for Reduction in Hours | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 23 | 8/10/2016 | Continue research re opposition to motion to disqualify; prepare response in opposition to motion to disqualify; email correspondence to/from Magdalena Simkova; email correspondence to/ from client; review documents sent by client; review documents sent by Simkova | JPK | $250.00 | 4.00 | $1,000.00 | $250.00 | 0.00 | $0.00 | Vague, blockbilling | $1,000.00 |
| 24 | 8/12/2016 | Drafting of letter to counsel | KHC | $325.00 | 0.20 | $65.00 | $325.00 | 0.00 | $0.00 | Vague, blockbilling | $65.00 |
| 25 | 9/1/2016 | Read and respond to emails; drafting of letter to counsel | KHC | $325.00 | 0.50 | $162.00 | $325.00 | 0.00 | $0.00 | Vague | $162.00 |
| 26 | 9/14/2016 | Read and respond to email; discussion with Joseph Kenny | KHC | $325.00 | 0.30 | $97.50 | $325.00 | 0.00 | $0.00 | Vague | $97.50 |
| 27 | 9/21/2016 | Review letter; drafting of letter to counsel | KHC | $325.00 | 0.50 | $162.50 | $325.00 | 0.00 | $0.00 | Vague | $162.50 |
| 28 | 9/27/2016 | Read and respond to email | KHC | $325.00 | 0.10 | $32.50 | $325.00 | 0.00 | $0.00 | Vague | $32.50 |
| 29 | 9/28/2016 | Drafting of letter to counsel | KHC | $325.00 | 0.30 | $97.50 | $325.00 | 0.00 | $0.00 | Vague | $97.50 |
| 30 | 10/3/2016 | Review Report and Recommendation and related order; discussion with KHC re report and recommendation; research of review for objections to report | JPK | $250.00 | 1.00 | $250.00 | $250.00 | 0.00 | $0.00 | Duplicative | $250.00 |
| 31 | 10/4/2016 | Discussion with JPK; Research; Discussion with client | KHC | $325.00 | 0.60 | $195.00 | $325.00 | 0.00 | $0.00 | Vague | $195.00 |
| 32 | 10/7/2016 | Read and respond to emails | KHC | $325.00 | 0.20 | $65.00 | $325.00 | 0.00 | $0.00 | Vague | $65.00 |
| 33 | 10/11/2016 | Read and respond to email | KHC | $325.00 | 0.20 | $65.00 | $325.00 | 0.00 | $0.00 | Vague | $65.00 |
| 34 | 10/18/2016 | Drafting of letter to counsel | KHC | $325.00 | 0.20 | $65.00 | $325.00 | 0.00 | $0.00 | Vague | $65.00 |
| 35 | 10/21/2016 | Drafting of letter to counsel | KHC | $325.00 | 0.20 | $65.00 | $325.00 | 0.00 | $0.00 | Vague | $65.00 |
| 36 | 10/31/2016 | Read and respond to email | KHC | $325.00 | 0.20 | $65.00 | $325.00 | 0.00 | $0.00 | Vague | $65.00 |
| 37 | 11/3/2016 | Telephone conference; read and respond to emails | KHC | $325.00 | 0.20 | $65.00 | $325.00 | 0.00 | $0.00 | Vague | $65.00 |
| 38 | 11/4/2016 | Drafting of letter to counsel | KHC | $325.00 | 0.20 | $65.00 | $325.00 | 0.00 | $0.00 | Vague | $65.00 |
| 39 | 11/9/2016 | Read and respond to emails | KHC | $325.00 | 0.20 | $65.00 | $325.00 | 0.00 | $0.00 | Vague | $65.00 |
| 40 | 11/21/2016 | Read and respond to emails | KHC | $325.00 | 0.20 | $65.00 | $325.00 | 0.00 | $0.00 | Vague | $65.00 |
| 41 | 11/23/2016 | Email to client ; drafting of letter to counsel | KHC | $325.00 | 0.30 | $97.50 | $325.00 | 0.00 | $0.00 | Vague | $97.50 |
| 42 | 11/29/2016 | Email to counsel | KHC | $325.00 | 0.30 | $97.50 | $325.00 | 0.00 | $0.00 | Vague | $97.50 |
| 43 | 12/6/2016 | meeting with client to review expenses | KAS | $85.00 | 0.40 | $34.00 | $85.00 | 0.00 | $0.00 | Vague | $34.00 |
| 44 | 12/13/2016 | Review judgment; research re motion for attorney's fees; discussion with KHC; telephone call with James Felman re expert on attorney's fees | JPK | $250.00 | 1.30 | $325.00 | $250.00 | 0.00 | $0.00 | Blockbilling | $325.00 |
| | | TOTAL | | | 28.40 | | | 0.00 | | | $8,010.50 |

# Court's Accounting Chart #2 - 8:16-cv-02016-T-24AEP

| # | Date | Billing Entry Description | Time-keeper | Hourly Rate Claimed | Hours Claimed | Fees Claimed | Court's Permitted Hourly Rate | Court's Permitted Hours | Court's Permitted Fees | Reason for Reduction in Hours | Reduction |
|---|------|--------------------------|-------------|---------------------|---------------|--------------|-------------------------------|-------------------------|------------------------|-------------------------------|-----------|
| 1 | 8/11/2016 | Travel to and from Depositions; attendance at depositions | KHC | $325.00 | 7.00 | $2,275.00 | $325.00 | 0.00 | $0.00 | Unnecessary | $2,275.00 |
| 2 | 8/11/2016 | Attend depositions of Veronika and her mother; review documents sent by client | JPK | $250.00 | 5.00 | $1,250.00 | $250.00 | 0.00 | $0.00 | Unnecessary | $1,250.00 |
| 3 | 8/12/2016 | Travel to and from depositions; attendance at depositions | KHC | $325.00 | 5.50 | $1,787.50 | $325.00 | 0.00 | $0.00 | Unnecessary | $1,787.50 |
| 4 | 8/12/2016 | Attend depositions of client; Jitka Rath; Sean Miller; Magdalena Simkova | JPK | $250.00 | 8.00 | $2,600.00 | $250.00 | 0.00 | $0.00 | Unnecessary | $2,600.00 |
| 5 | 8/3/2016 | Drafting of motion; Instruct; Read and Respond to email regarding deposition; Telephone Conference; Drafting of letter to counsel regarding visit | KHC | $325.00 | 2.20 | $715.00 | $325.00 | 1.10 | $357.50 | Blockbilling | $357.50 |
| 6 | 8/3/2016 | Review letter from Saltzman re time sharing; discussion with KHC | JPK | $250.00 | 0.50 | $125.00 | $250.00 | 0.50 | $125.00 | | $0.00 |
| 7 | 8/4/2016 | drafting of letter to counsel regarding time sharing | KHC | $325.00 | 0.50 | $162.50 | $325.00 | 0.50 | $162.50 | | $0.00 |
| 8 | 8/4/2016 | Attendance at telephonic hearing | KHC | $325.00 | 0.80 | $260.00 | $325.00 | 0.80 | $260.00 | | $0.00 |
| 9 | 8/4/2016 | Revise emergency motion re time sharing; review email correspondence from opposing counsel re depositions; telephone discussion with Saltzman re deposition; discussion with KHC re depositions; attend telephonic hearing; telephone call with client; review documents sent by client | JPK | $250.00 | 2.00 | $500.00 | $250.00 | 1.00 | $250.00 | Blockbilling | $250.00 |
| 10 | 8/5/2016 | Read and respond to emails regarding time sharing | KHC | $325.00 | 0.30 | $97.50 | $325.00 | 0.30 | $97.50 | | $0.00 |
| 11 | 8/24/2016 | Telephone conferences; drafting of letter to counsel regarding visit | KHC | $325.00 | 0.40 | $130.00 | $325.00 | 0.40 | $130.00 | | $0.00 |
| 12 | 8/24/2016 | Drafting of letter to counsel | KHC | $325.00 | 0.20 | $65.00 | $325.00 | 0.00 | $0.00 | Vague | $65.00 |
| 13 | 8/25/2016 | Drafting of motion | KHC | $325.00 | 1.00 | $325.00 | $325.00 | 1.00 | $325.00 | | $0.00 |
| 14 | 8/25/2016 | Read and respond to emails regarding time sharing | KHC | $325.00 | 0.50 | $162.50 | $325.00 | 0.50 | $162.50 | | $0.00 |
| 15 | 8/26/2016 | Read and respond to emails regarding visitation | KHC | $325.00 | 0.30 | $97.50 | $325.00 | 0.30 | $97.50 | | $0.00 |
| 16 | 11/9/2016 | Review email correspondence re time sharing issues | JPK | $250.00 | 0.20 | $50.00 | $250.00 | 0.20 | $50.00 | | $0.00 |
| 17 | 11/10/2016 | Draft Father's Expedited motion to establish November time sharing | KAS | $85.00 | 0.30 | $25.50 | $85.00 | 0.30 | $85.00 | | $0.00 |

| # | Date | Billing Entry Description | Time-keeper | Hourly Rate Claimed | Hours Claimed | Fees Claimed | Court's Permitted Hourly Rate | Court's Permitted Hours | Court's Permitted Fees | Reason for Reduction in Hours | Reduction |
|---|------|--------------------------|-------------|---------------------|---------------|--------------|-------------------------------|-------------------------|------------------------|-------------------------------|-----------|
| 18 | 11/11/2016 | Review motion re time sharing; discussion with KHC; review transcripts and records re prep for response to objections | JPK | $250.00 | 2.00 | $500.00 | $250.00 | 2.00 | $500.00 | | $0.00 |
| | | **TOTAL** | | | **36.70** | | | **8.90** | | | **$8,585.00** |