UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAN RATH,

    Petitioner,

v.                                       CASE NO. 8:16-cv-2016-T-23AEP

VERONIKA MARCOSKI,

    Respondent.
_____/

## **ORDER**

In this contentious Hague Convention action, the district court found that Veronika Marcoski wrongfully removed L.N.R. from the child's habitual residence in the Czech Republic and ordered L.N.R.'s return to the Czech Republic. The Eleventh Circuit affirmed. 2017 WL 6604247 (11th Cir. Dec. 27, 2017).

The International Child Abduction Remedies Act, which implements the Hague Convention, permits a successful petitioner to recover "necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees . . . and transportation costs related to the return of the child" unless the respondent shows that an attorney's fee, costs, or expenses "would be clearly inappropriate." 22 U.S.C. § 9007(b)(3). Petitioner Jan Rath moves (Docs. 124 and 135) for an attorney's fee of $106,971.50, costs of $10,005.96, and expenses of $34,951.91. Magistrate Judge Porcelli recommends (Doc. 140) awarding $88,122.50, $2,048.75, and $18,849.37,

respectively.[1]  Both parties object (Docs. 141 and 143) to the report and recommendation.

**DISCUSSION**

**1. Attorney's fee**

Although the Supreme Court explains that an attorney's-fee dispute "should not result in a second major litigation," *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), the parties devote more than a hundred pages to their quarrel about the attorney's fee, costs, and expenses.  First, Marcoski argues that a purported "good-faith" belief in the lawfulness of L.N.R.'s removal renders an attorney's fee "clearly inappropriate" in this action.  In fact, the record belies Marcoski's "good-faith" defense.  For example, "the last-minute, circuitous nature of Marcoski's return [to the United States] suggests an intent to abscond with L.N.R."  (Doc. 118 at 5)  And several of Marcoski's statements "confirm that she attempted to seek a more favorable resolution in a Florida state court after the couple's relations ended."  (Doc. 118 at 8)  In this instance, an attorney's fee promotes the purposes of the Hague Convention: rapidly restoring the pre-removal status quo and deterring a parent from taking a child and crossing an international border in search of enlarged or exclusive

---

[1] Also, the magistrate judge recommends denying Marcoski's motion (Doc. 138) to "strike" Rath's affidavit (Doc. 137) and the accompanying exhibits (Docs. 137-2 through 137-8), which motion violates Local Rule 3.01(g). Marcoski submitted no specific objection to the recommendation.

custody.  *See Rydder v. Rydder*, 49 F.3d 369, 372 (8th Cir. 1995) (Arnold, J.) (explaining the purposes of the Hague Convention).[2]

Second, Marcoski objects to the reasonableness of an hourly rate of $325 for Kelli Crabb and an hourly rate of $250 for Joseph Kenny.  The district judge's familiarity with the Tampa market confirms that each rate is reasonable in this circumstance for an attorney of Crabb's and Kenny's respective experience and skill.

Third, Marcoski argues that the magistrate judge excluded from the award too few "vague, block-billed, or duplicative" charges.  Crabb and Kenny charged for 163.1 and 209.1 hours, respectively.  (Docs. 124-2 and 135-1)  As Marcoski observes, the billing records sometimes lack the detail required to determine the necessity of a charge.  For example, Crabb and Kenny often billed for "drafting an-email" or "reading and responding to e-mail" (Doc. 124-2), but the record offers no clue about the e-mail's contents.  In this circumstance, a 25% reduction of the time charged by Crabb and Kenny appears adequate to adjust for insufficiently documented charges. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348 (11th Cir. 2008) (permitting an "across-the-board" reduction of the hours reasonably expended litigating the action).  The magistrate judge recommends awarding a fee for 19.2 hours of the paralegal's time, and neither party objects to the recommendation, which appears sound.

Fourth, Marcoski objects to compensating Rath's counsel for travel time from St. Petersburg to Tampa.  A prevailing party ordinarily may not recover a fee for an

---

[2] Marcoski's arguments about "prolong[ing] the parties' enmity," Rath's purported "financial neglect of L.N.R.," "unclean hands," and "the heartland" lack merit.

- 3 -

attorney's travel time unless no local counsel can capably represent the party. *Johnson v. Univ. College of Univ. Of Al. at Birmingham*, 706 F.2d 1205, 1207–08 (11th Cir. 1983). Because Rath could have retained competent Tampa counsel, Rath cannot recover for the attorneys' commute between St. Petersburg and Tampa. Kenny and Crabb traveled to and from Tampa eight times (once for a motion hearing and seven times for the evidentiary hearing), and a round-trip drive from St. Petersburg to Tampa requires about seventy-five minutes. The time reasonably expended litigating the action warrants a deduction of ten hours for each attorney.

Fifth, Rath argues that the magistrate judge erred in finding unnecessary the time expended on, and the costs of, deposing Marcoski and Marcoski's mother. Although the parties referred infrequently to the deposition testimony, the depositions of Marcoski and her mother — the principal witnesses for the respondent — undoubtedly were within the scope of reasonably thorough discovery and were reasonably necessary to the competent prosecution of this action.

## 2. Costs and expenses

Rath requests $10,005.96 in costs, and the magistrate judge recommends awarding $2,048.75. The magistrate judge excluded $4,787.30 in costs attendant to the depositions of Marcoski and Marcoski's mother because "the depositions were not used in the evidentiary hearing or [to] support another dispositive motion." (Doc. 140 at 15) But *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000), holds

that a party need not "use a deposition at trial for [the deposition] to be taxable." As stated above, the depositions of the respondent's principal witnesses were reasonably necessary to the prosecution of this action, and Rath may recover $4,787.30 in costs for the depositions.

The magistrate recommends awarding $1,624.45 for copying. (Doc. 140 at 16) Marcoski objects and asserts that Rath fails to identify and to explain the necessity of the copies. To recover the cost of copying, a party must present "evidence regarding the documents copied including their use or intended use." *Cullens v. Ga. Dept. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). The bills permit identifying the use and the necessity of $209.40 in copies.[3] But Rath submits no evidence to show the necessity of the remaining $1,415.05 in copying costs,[4] and the bills (which say "Copying - $.25 per page (5000 pages)" and "Color Copying") lack detail sufficient to determine the necessity of the costs. (Doc. 124-2 at 30)

Also, Rath requests $34,951.91 in expenses, and the magistrate judge recommends awarding $18,849.37, including $4,338.42 in expenses for an interpreter. (Doc. 140 at 18) The parties proffer more than half a dozen objections.

First, correctly arguing that the chart (Doc. 124-5 at 2) apparently prepared by Rath evidences neither a payment to an interpreter nor the necessity of the payment, Marcoski argues persuasively that Rath presents insufficient evidence to substantiate

---

[3] Rath printed $50.40 of color photos, $11.80 of text messages, and $147.20 of decisions and exhibits for an August 2016 hearing. (Doc. 124-2 at 30)

[4] The argument in Rath's unsworn response (Doc. 145 at 9) is not evidence.

the requested $4,338.42. Rath's response (Doc. 145 at 11) fails to cite evidence to refute that argument.

Second, the magistrate judge recommends denying $2,346.68 in expenses for an interpreter. Because the bills (Doc. 141-1) appended to Marcoski's objection adequately document the expense of the interpreter (who interpreted the deposition testimony of at least two principal witnesses), Rath may recover the $2,346.68.

Third, Marcoski objects to reimbursing Rath for the expenses of Rath's visiting the child in the United States. As Marcoski argues persuasively, Rath's visiting the child during the litigation appears unnecessary to this wrongful-removal action.[5] *See, e.g.*, *Aldinger v. Segler*, 157 Fed.Appx. 317 at *1 (1st Cir. Nov. 23, 2005) (per curiam). Rath may not recover the $511.87 in visitation expenses (Doc. 143 at 18), but Rath may recover the expenses incurred traveling to the United States in January 2017 to accompany L.N.R. back to the Czech Republic because the expenses constitute "transportation costs related to the return of the child."[6]

Fourth, Marcoski objects to $2,673 in expenses for a Czech interpreter's flight to Tampa from the Czech Republic. Several Czech interpreters reside in the Middle District of Florida, and the election to fly an interpreter from Prague to Tampa appears excessive. Rath may not recover the $2,673.

---

[5] *Viragh v. Foldes*, 415 Mass. 96 (Mass. 1993), which *Abbott v. Abbott*, 560 U.S. 1 (2010), cites with approval, involves access, not removal.

[6] The billing records appear to show that Crabb charged for 3.1 hours on "visitation" or "time-sharing" issues and that Kenny charged for 12.3 hours on "visitation" or "time-sharing" issues. For the reason explained above, Rath may not recover for that time.

Fifth, Marcoski objects to $1,220 in expenses incurred when Rath's mother (Jitka Rathova) flew from Prague to Tampa. As Marcoski recognizes, Rathova could have testified from the Czech Republic by phone or video (as several witnesses testified). Although Rath cites the importance of the magistrate judge's observing Rathova's demeanor in person, the $1,220 appears unnecessary in this instance.

Sixth, Marcoski objects to $670.89 in incidental expenses that Rath incurred while securing L.N.R.'s return to the Czech Republic. Because the expenses constitute "transportation costs related to the return of the child," Rath may recover the expenses.

Seventh, Marcoski objects to $1,603 in expenses for Rath's flying to and from Tampa in August 2016. Marcoski claims (and the record appears to confirm) that Rath fails to provide "supporting documentation in English." (Doc. 143 at 16) Rath's response (Doc. 145 at 10) fails to address Marcoski's argument about the absence of an English bill to support the requested $1,603 in flight expenses for August 2016. Rath may not recover the $1,603.

## CONCLUSION

Rath requests an attorney's fee for 163.1 and 209.1 hours of Crabb's and Kenny's time, respectively. Rath may not recover a fee for the ten hours of each attorney's commute between St. Petersburg and Tampa. Also, Rath may not recover a fee for the 3.1 hours Crabb billed for "visitation" or "time-sharing" issues or the 12.3 hours Kenny billed for those issues. Subtracting that time yields 150 hours for

Crabb and 186.8 hours for Kenny. A 25% reduction appears appropriate to adjust for imprecise billing records, which reduction yields 112.5 hours for Crabb and 140.1 hours for Kenny. Also, Rath may recover for 19.2 hours of the paralegal's time (billed at $85 hourly). In sum, Rath may recover an attorney's fee of $73,219.50.[7]

Also, the magistrate judge recommends awarding $2,048.75 in costs. For the reasons explained above, the magistrate judge erred in denying $4,787.30 in deposition costs and in permitting $1,415.05 in copying costs. Rath may recover $5,421 in costs.

Finally, the magistrate judge recommends awarding $18,849.37 in expenses. As explained above, the magistrate judge erred in permitting $511.87 in visitation expenses, in permitting $2,673 in expenses for the interpreter's flight from the Czech Republic to Tampa, in permitting $1,220 in expenses for Rathova's flight, and in permitting $1,603 in expenses for an August 2016 flight inadequately documented in the record. Also, the magistrate judge erred in permitting $4,338.42 in interpretation expenses that lack adequate documentation and in denying $2,346.68 in interpretation expenses adequately supported in the record. Rath may recover $10,849.76 in expenses. In total, Rath may recover $89,490.26 in an attorney's fee, costs, and expenses.

The report and recommendation (Doc. 140) is **ADOPTED** to the extent consistent with the discussion above, and the motions (Docs. 124 and 135) are

---

[7] (112.5 times $325) plus (140.1 times $250) plus (19.2 times $85).

**GRANTED-IN-PART** and **DENIED-IN-PART**.  The motion (Doc. 138) to "strike" Rath's affidavit is **DENIED**.  The clerk is directed to enter judgment for Jan Rath and against Veronika Marcoski in the amount of $89,490.26.

ORDERED in Tampa, Florida, on January 17, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE